UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARLAND BROOKS,

                              Plaintiff,

                                                                        Case # 14-CV-6690-FPG

v.

                                                                        DECISION AND ORDER &
GREGORY MULLEN et al.,                                 ORDER TO SHOW CAUSE

                              Defendants.
_____

       On December 15, 2016, *pro se* Plaintiff Marland Brooks moved to appoint counsel. ECF No. 13. There is no constitutional right to appointed counsel in civil cases, although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e). *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The Court must carefully consider whether to appoint counsel, because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). The Court must consider several factors, including whether the indigent's claims seem likely to be of substance. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

       Here, it is unclear whether Plaintiff's claims are likely to be of substance because none of the Defendants in this case have answered or otherwise responded to Plaintiff's Complaint. Therefore, Plaintiff's Motion to Appoint Counsel (ECF No. 13) is DENIED WITHOUT PREJUDICE.

       The docket in this case reflects that all Defendants—Mullen, Reinbold, and Causer—waived service on August 10, 2015 and that their answer was due on August 31, 2015. ECF Nos. 8, 9. Despite the fact that this deadline passed more than two years ago, none of the Defendants have answered Plaintiff's Complaint or otherwise communicated with the Court.

       Federal Rule of Civil Procedure 55 governs default and default judgment. Under Rule 55, courts have the power to enter judgment against a defendant that fails to appropriately defend a

case. Fed. R. Civ. P. 55. Therefore, Defendants are ordered to show cause in writing by October 30, 2017 why entry of default pursuant to Rule 55(a) or default judgment pursuant to Rule 55(b) should not be entered against them.

IT IS SO ORDERED.

Dated: September 27, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court