UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARLAND BROOKS,

|  |  |  |
|---|---|---|
| | Plaintiff, | Case # 14-CV-6690-FPG |
| v. | | DECISION AND ORDER |
| GREGORY MULLEN, et al., | | |
| | Defendants. | |

On November 15 and December 28, 2018, *pro se* Plaintiff Marland Brooks moved to appoint counsel. ECF Nos. 42, 44. The Court has denied Plaintiff's three prior requests for an attorney. ECF Nos. 14, 26, 31.

Although there is no constitutional right to appointed counsel in civil cases, the Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e). *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers whether the indigent's claims seem likely to be of substance; the indigent's ability to investigate the crucial facts; whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues; and any special reason why appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

After considering these factors, the Court finds that the appointment of counsel is not warranted. This case is not complex—it appears to revolve around a single instance of alleged excessive force. It is also unclear whether Plaintiff's claims are likely to be of substance because only some discovery has occurred and other discovery deadlines are set for early this year. Plaintiff's communications with the Court have been logical and coherent and he seems able to adequately present his own claims. Moreover, there are no special reasons to justify appointment of counsel at this time. Therefore, Plaintiff's Motions to Appoint Counsel (ECF Nos. 42, 44) are DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: January 18, 2019
   Rochester, New York

            HON. FRANK P. GERACI, JR.
            Chief Judge
            United States District Court