UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARLAND BROOKS,

                         Plaintiff,                    Case # 14-CV-6690-FPG

v.                                                      DECISION AND ORDER

GREGORY MULLEN, et al.,

                         Defendants.

This case has been pending before the Court for over five years. Defendants filed a summary judgment motion on March 6, 2020 and the case is set for trial in early April. On February 25, 2020, *pro se* Plaintiff Marland Brooks moved to appoint counsel. ECF No. 66. The Court denied Plaintiff's five prior requests for an attorney, ECF Nos. 14, 26, 31, 46. For similar reasons, the Court denies Plaintiff's instant request for counsel.

Although there is no constitutional right to appointed counsel in civil cases, the Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e). *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers whether the indigent's claims seem likely to be of substance; the indigent's ability to investigate the crucial facts; whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues; and any special reason why appointment of counsel

would be more likely to lead to a just determination.  *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

After considering these factors, the Court finds that the appointment of counsel is not warranted.  This case is not complex—it appears to revolve around a single instance of alleged excessive force.  It is also unclear whether Plaintiff's claims are likely to be of substance and Defendants' summary judgment motion is pending before the Court.  Plaintiff's written and verbal communications with the Court have been logical and coherent and he seems able to adequately present his own claims in writing and in trial.  Moreover, there are no special reasons to justify appointment of counsel at this time.  Therefore, Plaintiff's Motion to Appoint Counsel (ECF No. 66) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: March 9, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court